|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRANCE JON IRBY,

    Plaintiff,

    v.

SKAGIT COUNTY JAIL, *et al.*

CASE NO.   C06-1836-JCC-MJB

ORDER DISMISSING SOME DEFENDANTS
AND DIRECTING SERVICE BY MAIL ON
REMAINING DEFENDANTS

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was deficient and the Court granted him leave to file an amended complaint to cure the deficiencies. (Dkt. #7). Plaintiff has submitted an amended complaint. (Dkt. #13). Having reviewed the amended complaint, and the balance of the record, the Court does hereby find and ORDER as follows:

(1)    <u>Dismissal of Defendants Skagit County and Sharon Dillon</u>

In the amended complaint, plaintiff names as defendants Skagit County and a Skagit County commissioner named Sharon Dillon.[1] However, the amended complaint does not state a claim against Commissioner Dillon nor against the County. First, plaintiff does not allege that Dillon

---

[1] In his original complaint, plaintiff named a different commissioner as a defendant. In his amended complaint, plaintiff appears to have substituted Ms. Dillon for the former defendant commissioner. (Dkt. #18 at 3).

ORDER DISMISSING SOME DEFENDANTS; DIRECTING SERVICE ON OTHERS
PAGE - 1

caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Second, the amended complaint contains conclusory allegations that he was injured as a result of a "custom or policy" of Skagit County, but plaintiff points to no specific custom or policy, other than a failure by the County to properly train its employees. *See Board of County Comm'rs v. Brown,* 117 S. Ct. 1382, 1388 (1997). Plaintiff has already named the Skagit County Jail as a defendant here on the same theory of liability – failure to properly train its staff – and therefore, it is unnecessary to include the County as well. Accordingly, both Commissioner Dillon and Skagit County should be, and hereby are, dismissed as defendants from this lawsuit. *See* 28 U.S.C. § l9l5(e)(2)(B)(ii).

(2)     <u>Service by Clerk on Remaining Defendants</u>

As to the remaining defendants, it is hereby ORDERED that the Clerk send them the following by first class mail: a copy of the complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office. The Clerk shall also mail a copy of the complaint together with a copy of this Order to the Skagit County Prosecuting Attorney's Office, by first class mail. Defendants shall have **thirty days** within which to return the attached Waiver of Service of Summons.

(3)     <u>Response Required</u>

Each defendant who timely returns the signed Waiver of Service of Summons shall have **sixty days** after the date designated on the Notice of Lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Any defendant who fails to timely return the signed Waiver of Service of Summons will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty days** after service.

    (4)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Additionally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Counsel are directed to the Court's website – <u>www.wawd.uscourts.gov</u> – for a detailed description of the requirements for filing via CM/ECF.

All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original of any document for the Court's consideration. **For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the works "Courtesy Copy of Electronic Filing for Chambers.** All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom the document is directed.

    (5)    <u>Motions</u>

Any request for Court action shall be set forth in a motion, properly filed and served. A party must file with the motion a supporting memorandum. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the Court's calendar. That date shall be the third Friday following filing of the motion (fourth Friday for Motions for Summary Judgment). All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday designated for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the Court may deem any opposition to be without merit. The party making the motion may file, not later than the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

Plaintiff is advised, pursuant to *Klingele v. Eikenberry*, 849 F. 2d 409 (9th Cir. 1988), that if defendants file a motion for summary judgment, any response must comply with the requirements of

1  Federal Rule of Civil Procedure 56.  This rule requires that the party opposing summary judgment
2  must submit affidavits or other evidence in opposition to the motion to establish that there are issues
3  of material fact and that the movant is not entitled to judgment as a matter of law.  Plaintiff may not
4  merely rest on the allegations in the pleadings.  Pursuant to Local Rule CR 7(b)(4), failure to file
5  necessary documents in opposition to a motion for summary judgment may be deemed by the Court to
6  be an admission that opposition is without merit.

7       Plaintiff is further advised, pursuant to *Rand v. Rowland*, 113 F. 3d 1520, 1524 (9th Cir.
8  1997), that should he fail to contradict a motion for summary judgment with counter-affidavits or
9  other competent evidence, the moving party's evidence may be taken as the truth, and final judgment
10 may be entered without a full trial.

11      (6)   <u>Direct Communications with District Judge or United States Magistrate Judge</u>

12      It is further ORDERED that no direct communication is to take place with the District Judge
13 or  Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to
14 the Clerk.

15      (7)   The Clerk is directed to send a copy of this Order and of the General Order to plaintiff.

16      DATED this <u>2nd</u> day of March, 2007.

17                                                                                                                        *[signature]*

18                                          John C. Coughenour
19                                          United States District Judge

20 Recommended for Entry
   this 28th day of February, 2007.
21

22   /s/Monica J. Benton
   MONICA J. BENTON
23 United States Magistrate Judge

24

25

26

ORDER DISMISSING SOME DEFENDANTS; DIRECTING SERVICE ON OTHERS
PAGE - 4