UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRANCE JON IRBY,

    Plaintiff,

  v.

SKAGIT COUNTY JAIL, et al.,

    Defendants.

CASE NO. C06-1836-JCC

ORDER

   This matter comes before the Court on Terrance Jon Irby's action, filed pursuant to 42 U.S.C. § 1983, which alleges that while incarcerated at the Skagit County Jail in Mount Vernon, Washington, he received inadequate medical care in violation of the Fourteenth and Eighth Amendments. (*See* Dkt. No. 6 at 4.) Plaintiff and Defendants have filed motions for summary judgment, which Magistrate Judge Benton reviewed and which are the subject of her Report and Recommendation ("R&R"). (Dkt. No. 92.) Judge Benton recommends the Court GRANT Defendants' motion and DENY Plaintiff's, dismissing Plaintiff's action. Plaintiff has filed Objections to the R&R (Dkt. No. 95), which this Court has carefully reviewed, together with relevant portions of the record. For the reasons stated herein, the Court ADOPTS the R&R.

//

ORDER – 1

## I. THE REPORT AND RECOMMENDATION[1]

Plaintiff's claims arise out of an injury he sustained to his thumb while in pretrial custody in the Skagit County Jail. Claims by pretrial detainees are analyzed under the Fourteenth Amendment due process clause, rather than under the Eighth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). However, because the rights of pretrial detainees under the Fourteenth Amendment are comparable to the rights of prisoners under the Eighth, the same "deliberate indifference" standard is applied. *Id*. See also *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) ("This indifference must be substantial to violate the constitution, and . . . authorities have wide discretion regarding the nature and extent of medical treatment."). Judge Benton found, and this Court agrees, that Plaintiff has not satisfied his burden of showing that a genuine issue of material fact exists under the relevant standard.

## II. PLAINTIFF'S OBJECTIONS

First, Plaintiff argues that the facts of his case are indistinguishable from those at issue in *Spann v. Roper*, 453 F.3d 1007 (8th Cir. 2006) (per curiam), where, he contends, the court found that the defendants had acted with deliberate indifference to the plaintiff's serious medical needs. In *Spann*, a prisoner was given the wrong medication, fainted as a result, and was left in his cell for more than three hours without medical attention. The Eighth Circuit found that the nurse did not "exhibit deliberate indifference" by requiring the plaintiff to take another inmate's medication. *Id*. at 1008. In so holding, the court noted that "to succeed on [a] deliberate-indifference claim, [the] plaintiff must show more than negligence or gross negligence." *Id*. (citing *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). The court did, however, remand the case on the issue of whether the nurse was deliberately indifferent to the plaintiff's medical needs when she left him in his cell for three hours after she was aware that he had taken a large dose of another inmate's mental-health medications. *Id*.

---

[1] The R&R discusses much of the relevant facts and background in detail, which the Court will not repeat here, except as where necessary to explain its decision.

ORDER – 2

1  *Spann* is clearly distinguishable from the instant case. There, although the nurse immediately
2  realized her mistake, she neither sought prompt medical attention for the plaintiff, nor told her
3  supervisors of the incident. *Id*. In contrast, the jail guard who gave Plaintiff the wrong medication
4  immediately notified his supervisor, who then telephoned a physician. (R&R (Dkt. No. 92 at 1–2).)
5  Furthermore, where the allegation is that delay of medical treatment evidenced deliberate indifference, the
6  plaintiff must show that the delay was itself harmful. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th
7  Cir. 1992). There is no evidence that Plaintiff was subject to delayed treatment of his thumb, or that any
8  delay caused any further harm.

9  Next, Plaintiff takes issue with Dr. Gordon's diagnosis (*see* Pl.'s Obj. (Dkt. No. 95 at 4));
10 however, as the R&R explained, a difference of opinion between medical professionals generally does not
11 amount to "deliberate indifference to . . . serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th
12 Cir. 1989). In order for a difference of opinion to amount to deliberate indifference, the plaintiff "must
13 show that the course of treatment the doctors chose was medically unacceptable under the
14 circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the]
15 plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). In addition, "A 'serious'
16 medical need exists if the failure to treat a prisoner's condition could result in further significant injury or
17 the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle v.
18 Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's condition, although surely uncomfortable and painful at
19 times, does not arise to a "serious medical need."

20 Finally, Plaintiff objects to the R&R, arguing that because "the third set of Defendants['] response
21 [sic] to Plaintiff[']s interrogatories" were apparently not considered in assessing the motions for summary
22 judgment, he was "denied the right to be heard under the [Fourteenth] Amendment." (Pl.'s Obj. 5, 13
23 (Dkt. No. 95).) Plaintiff is specifically concerned about a response regarding Dr. Edward Arrington, a
24 consulting expert retained by Defendants. In that response, Defendants stated that Dr. Arrington "[had]
25 not yet provided an opinion because of the delay caused by the failure of the [DOC] to provide records of
26 ORDER – 3

Plaintiff's most recent medical examination and current condition." (Def. Resp. to Inter. 3 (Dkt. No. 95 at 23).) It is not clear whether these records have since been provided, or if Dr. Arrington ever provided an opinion. However, even if Dr. Arrington were to have concluded that surgery was necessary, a mere difference of opinion between medical experts does not rise to a constitutional violation. *See Sanchez*, 891 F.2d at 242.

The second issue of particular concern to Plaintiff has to do with the legality of the distribution of drugs to inmates by jail employees. Specifically, Plaintiff is concerned with the R&R's failure to address his claim that the Skagit County Jail is unlawfully allowing deputies to dispense medication to prisoners "without a valid medical license" in violation of Washington law. (Pl.'s Obj. 2, 8, 10–13 (Dkt. No. 95).) Dr. Leibrand explained in his declaration that there is a strict protocol for the distribution of prescription medications, which is overseen by a certified physician. (Dr. Leibrand Decl. 3 (Dkt. No. 68 at 18–19).) Plaintiff offers nothing more than conclusory statements in opposition.

## III. CONCLUSION

For the foregoing reasons, together with the analysis applied in the R&R, Plaintiff's motion for summary judgment (Dkt. No. 61) is DENIED, and Defendants' motion for summary judgment (Dkt. No. 86) is GRANTED. The Complaint and this § 1983 action are DISMISSED with prejudice. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to Judge Benton.

SO ORDERED this 24th day of March, 2008.

John C. Coughenour
United States District Judge

ORDER – 4